**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| STEPHAN DONHAM, HEATHER FEDRO, and JACOB ROGERS, *on behalf of themselves and all others similarly situated*,<br><br>          Plaintiffs,<br><br>v.<br><br>BELEAF MEDICAL LLC, BESAME WELLNESS, LLC, BESAME WELLNESS MANAGEMENT, LLC, and BESAME WELLNESS MISSOURI, LLC, Defendants.<br><br>          Defendants. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

1.      Plaintiffs Stephan Donham, Heather Fedro, and Jacob Rogers have been employed as "budtenders" by Defendant BeLeaf Medical LLC ("BeLeaf Medical") and/or Defendants BesaMe Wellness, LLC, BesaMe Wellness Management, LLC, and/or Defendant BesaMe Wellness Missouri, LLC (collectively, "BesaMe Wellness"), to which BeLeaf Medical is a successor employer (collectively, "Defendants"). Plaintiffs bring this collective and class action in accordance with Section 216(b) of the Fair Labor Standards Act ("FLSA") and Rule 23 of the Federal Rules of Civil Procedure due to Defendants' improper pooling and retention of tips. Plaintiffs seek compensation, damages, attorneys' fees and expenses, equitable and other relief available under the FLSA, as amended, 29 U.S.C. § 201 *et seq.*, and under Missouri common law.

**JURISDICTION AND VENUE**

2.      Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), 28 U.S.C. § 1331,

and 28 U.S.C. § 1367(a).

3.     Venue lies within this district pursuant to 28 U.S.C. § 1391(b)(1) and (2), as it is the district in which Defendants reside as well as a district in which a substantial part of the events or omissions giving rise to the claim occurred.

**PARTIES**

4.     Plaintiff Stephan Donham has been directly employed by Defendant BeLeaf Medical in the position of "Budtender" at Defendants' Cannabis dispensary in North Kansas City, Missouri since approximately May 1, 2025 through present. This was previously a BesaMe Wellness dispensary until it was acquired by successor employer BeLeaf Medical. Plaintiff Donham has given his written consent to be a Party-Plaintiff in this action pursuant to 29 U.S.C. § 216(b). His consent is appended to this Complaint in Exhibit A.

5.     Plaintiff Heather Fedro was directly employed by Defendant BeLeaf Medical in the position of "Budtender" at Defendant BeLeaf Medical's Cannabis dispensary in Ellisville, Missouri from approximately January 2024 through October 2024. Plaintiff Fedro has given her written consent to be a Party-Plaintiff in this action pursuant to 29 U.S.C. § 216(b). Her consent is appended to this Complaint in Exhibit A.

6.     Plaintiff Jacob Rogers was directly employed by both Defendants BesaMe Wellness and BeLeaf Medical in the position of "Budtender" at Defendants' Cannabis dispensary in Warrensburg, Missouri from approximately April 1, 2023 through March 6, 2026. This was previously a BesaMe Wellness dispensary until it was acquired by successor employer BeLeaf Medical. Plaintiff Rogers has given his written consent to be a Party-Plaintiff in this action pursuant to 29 U.S.C. § 216(b). His consent is appended to this Complaint in Exhibit A.

7.     Plaintiffs bring this action as a collective action on behalf of themselves and all

others similarly situated in accordance with 29 U.S.C. § 216(b). Plaintiffs also bring this action as a class action on behalf of the class defined below in accordance with Fed. R. Civ. P. 23 and Missouri common law.

8.  Defendant BeLeaf Medical LLC is a domestic Missouri Corporation headquartered at 13374 Lakefront Drive, Earth City, MO 63045. It can be served via its registered agent CT Corporation System at 5661 Telegraph Road, Suite 4B, Saint Louis, Missouri 63129.

9.  BesaMe Wellness, LLC is a domestic Missouri Corporation headquartered at 6910 North Holmes Street, Suite 380, Gladstone, MO 64118. It can be served via its registered agent, Jack R. Mitchell, at 6910 North Holmes Street, Suite 380, Gladstone, MO 64118.

10.  BesaMe Wellness Missouri, LLC is a domestic Missouri Corporation headquartered at 13500 North Highway 169, Smithville, Missouri 64089. It can be served via its registered agent, Jack R. Mitchell, at 13500 North Highway 169, Smithville, Missouri 64089.

11.  BesaMe Wellness Management, LLC is a domestic Missouri Corporation headquartered at 6910 North Holmes Street, Suite 310, Kansas City, Missouri 64118. It can be served via its registered Agent, Jack R. Mitchell, at 6910 North Holmes Street, Suite 310, Kansas City, Missouri 64118.

12.  Defendants are each an "employer" within the meaning of 29 U.S.C. § 203(d). Defendants are each a "person" within the meaning of 29 U.S.C. § 203(a).

13.  At all times material to this action, Defendants have been an enterprise engaged in commerce as defined by 29 U.S.C. § 203(r)-(s), with an annual dollar business volume exceeding $500,000, and have been actively conducting business in Missouri.

## ACQUISITION AND SUCCESSOR LIABILITY

14.  Defendants own and operate cannabis retail dispensaries in various locations within

3

Missouri. Prior to April 2025, BesaMe Wellness operated its own chain of BesaMe-branded dispensaries, while Defendant BeLeaf Medical LLC ("BeLeaf") operated a separate chain of BeLeaf-branded dispensaries.

15.     On or around April 2025, Defendant BeLeaf Medical LLC acquired BesaMe Wellness's business and dispensaries, incorporating them into its own dispensary network and rebranding the combined dispensary chain as "Swade Cannabis." *See, e.g.*, *BeLeaf Medical Formally Announces Acquisition of BesaMe Wellness and Launches Rebrand to SWADE*, available at: https://mogreenway.com/2025/04/02/beleaf-medical-formally-announces-acquisition-of-besame-wellness-and-launches-rebrand-to-swade/ (last accessed June 24, 2026).

16.     Plaintiff Rogers was hired by BesaMe Wellness at the Warrensburg location, and he worked as a budtender at this location both before and after the BeLeaf acquisition and Swade rebranding.

17.     The North Kansas City Swade location where Plaintiff Donham works was previously a BesaMe Wellness location, although Plaintiff Donham was hired after the BeLeaf acquisition and Swade rebranding.

18.     The Ellisville location where Plaintiff Fedro worked was a BeLeaf location that the company closed in 2025.

19.     Defendant BeLeaf Medical acquired and incorporated BesaMe Wellness's employment obligations and policies when it acquired BesaMe Wellness, including employee payment and benefits obligations. It acquired and incorporated authority to hire and fire, as well as to control pay rates, work schedules, and other conditions of employment at the former BesaMe dispensaries, including those related to tip pooling.

20.     For example, BeLeaf continued to employ BesaMe Wellness employees, like

4

Plaintiff Rogers, in the same roles and at the same pay rates and without any change to other conditions of employment. For example, BeLeaf maintained Plaintiff Rogers' pay rate from BesaMe Wellness after the acquisition.

21. Defendant BeLeaf acquired and continued to employ BesaMe Wellness's managers and supervisors, and acquired and maintained BesaMe Wellness's management structures, without change.

22. Defendant BeLeaf acquired and maintained BesaMe Wellness's employment policies and practices without changes, including those related to tip pooling, as discussed further below.

23. As discussed further below, Defendant BeLeaf was itself engaged in, and continued to foster, the same FLSA violations related to tip pooling both before and after the acquisition of BesaMe wellness.

24. Defendant BeLeaf either knew or should have known of the FLSA violations occurring at BesaMe Wellness's dispensaries at the time of its acquisition. These violations were consistent, apparent, and widespread, and BeLeaf was engaging in the same unlawful practices at its own dispensaries.

25. Defendant BeLeaf acquired BesaMe Wellness's liability for FLSA violations occurring prior to the acquisition.

**FACTS**

26. Defendant BeLeaf owns and operates the Swade chain of retail cannabis dispensaries throughout Missouri. Swade Dispensaries sell a variety of cannabis products for recreational and medical purposes.

27. Missouri legalized the recreational sale of cannabis products on December 8, 2022.

28.     Swade dispensaries are primarily staffed by four classifications of employees: a General Manager, Assistant Managers, Lead Budtenders, and Budtenders. Prior to the acquisition, both BesaMe and BeLeaf dispensaries adhered to the same staffing structure.

29.     At the BesaMe, BeLeaf, and Swade dispensaries, Budtenders worked or work on the sales floor and at the cash register, directly assisting customers in the selection and purchasing of cannabis products.

30.     Also, at both the pre- and post-acquisition dispensaries, Managers and Leads (collectively, "Supervisors") supervise Budtenders, handle customer complaints, account for all the money in the registers, manage access to the vault where money and products are kept, and open and close the stores. Supervisors influence or determine the conditions of Budtenders' work, including hiring, firing, discipline, scheduling, and other conditions of employment.

31.     Supervisors are also responsible for collecting and pooling the cash tips from the tip jars at the registers throughout the shift.

32.     Supervisors spend the majority of their shifts in the back of the store, in an office and away from the sales floor. Supervisors rarely assist customers with making purchases or work at registers. This was and remains true at all dispensaries both pre- and post-acquisition.

33.     Plaintiffs Donham, Fedro, and Rogers have all been employed by Defendants as Budtenders within the past three years at pay rates of at least $15.00 per hour, and customarily and regularly have earned more than $30.00 per month in tips, both before and after the acquisition.

34.     It is common in the industry for cannabis dispensary customers to leave tips, and customers at Defendants' dispensary locations have left, and do leave, tips for Budtenders consistent with industry custom.

35.     Both pre- and post-acquisition, each cash register had or has a tip jar in front of it

where customers can leave cash tips in the jars. Throughout the day, Supervisors collect and pool these tips.

36.     At Swade post-acquisition, customers may also leave tips for Budtenders via credit or debit cards. These tips are also pooled.

37.     Defendants use a mandatory tip pool system to distribute tips back to employees. Credit card tips distributed from the tip pool are paid out to employees with their paychecks on their regular bi-weekly pay days. Cash tips are paid out to employees throughout the day at shift change times. While the pre-acquisition stores did not allow customers to leave credit or debit card tips, the pooling of cash tips operated the same.

38.     Tips from the tip pool are distributed evenly to all employees on a shift. For example, if there are 10 employees on a shift, the total amount of tips will be divided by 10 and every individual will receive an equal share regardless of their job duties or job title.

39.     Across Defendants' dispensaries, tips are paid out to Supervisors despite their supervisory duties and roles. This was true at the BesaMe and BeLeaf stores pre-acquisition, and remains true at the Swade stores post-acquisition.

40.     Plaintiffs have observed Supervisors receiving shares of the tip pool when the money is distributed. For example, cash tips from the tip pool are often distributed to employees in personally labeled envelopes affixed to a bulletin board or in employee mail pouches affixed to a wall; Plaintiffs have observed envelopes of tips being left on this bulletin board for Supervisors.

41.     Additionally, across Defendants' dispensaries both pre- and post-acquisition, Defendants retain odd amounts of tips that remain after the tip pool is divided equally amongst employees. Plaintiffs have never received an accounting of these retained amounts, but Defendants have informed Budtenders that these have been used to, for example, buy items like snacks for the

7

dispensaries. Indeed, in at least some of Defendants' dispensaries, these remainder tips are used to keep a snack cabinet used by Supervisors, Budtenders, and other employees well stocked.

42.     Plaintiffs have been provided with little to no information regarding tip pooling, eligible participants, and how distributions are calculated. They also have not been provided with a transparent accounting of the tip pools and their distributions.

## COLLECTIVE ACTION FOR VIOLATIONS OF THE FLSA

43.     Defendants have violated the provisions of the FLSA, resulting in damages to Plaintiffs and those similarly situated to Plaintiffs, in the form of wrongfully withheld tips, incurred and incurring costs, and reasonable attorneys' fees.

44.     As a result of the failure to pay wages in accordance with the FLSA, Plaintiffs, and those similarly situated to Plaintiffs, have suffered monetary damages by failing to receive their lawfully owed tips during their tenure of employment with Defendants. In addition to the amount of unpaid tips owing to Plaintiffs and those similarly situated to Plaintiffs, Plaintiffs and those similarly situated are also entitled to an additional amount equal to the unpaid tips as liquidated damages pursuant to 29 U.S.C. § 216(b).

45.     Plaintiffs and those similarly situated to Plaintiffs are entitled to an award of attorneys' fees and expenses pursuant to 29 U.S.C. § 216(b).

46.     Defendants' actions in failing to compensate Plaintiffs and other similarly situated employees of Defendants in accordance with the provisions of the FLSA were willful and not in good faith.

47.     There are numerous other similarly situated employees and former employees of Defendants who have been improperly compensated in violation of the FLSA who would benefit from the issuance of court-supervised notice of the present lawsuit providing them with the

opportunity to join. Specifically, all employees and former employees of Defendants who have been employed by Defendants in the position of Budtender within the last three years and who participated in a mandatory tip pool should receive notice and be given the opportunity to join the present lawsuit.

## CLASS ACTION FOR UNJUST ENRICHMENT UNDER MISSOURI COMMON LAW

48. Defendants have violated Missouri common law, resulting in damages to Plaintiffs and all putative Class Members in the form of withheld tips, interest, incurred and incurring costs, and reasonable attorneys' fees.

49. The putative Class is defined as: All individuals employed by Defendants as hourly-paid Budtenders who participated in a mandatory tip pool at any time within the past three years.

50. Upon information and belief, there are in excess of 60 members of the Class. Thus, the Class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, Class Members are known to Defendants, are readily identifiable, and can be located through Defendants' work and payroll records.

51. There are questions of law and fact common to the members of the Class, including but not limited to whether the Defendants violated Missouri common law by implementing an unlawful tip pool that includes Supervisors and by withholding tips to pay for damaged products.

52. Other common questions of law and fact include, but are not limited to:

(a) Whether the Defendants required Plaintiffs and Class Members to participate in a tip pool that unlawfully included Supervisors;

(b) Whether the Defendants improperly retained tips that were provided by customers to Plaintiffs and Class Members;

(b) Whether Plaintiffs conferred benefits on Defendants;

9

(c)      Whether Defendants received such benefits conferred by Plaintiffs;

(d)      Whether Defendants appreciated the fact of the benefits.

(e)      Whether Defendants accepted and retained the benefits in circumstances that render such retention inequitable;

(f)      Whether Defendants have thereby been unjustly enriched and / or Plaintiffs have been damaged; and

53.      (g)      Whether as a result of Defendants' unjust enrichment, Plaintiffs are entitled to a damages award of attorneys' fees and expenses to balance the benefits of Defendants' unjust enrichment. The claims of Plaintiffs are typical of all members of the Class. Plaintiffs have the same interests in this matter as all members of the Class.

54.      Plaintiffs Donham, Fedro, and Rogers are adequate Class Representatives, are committed to pursuing this action, and have retained competent counsel experienced in wage and hour law and class action litigation to represent the Class.

<u>**COUNT ONE**</u>

**VIOLATION OF THE FAIR LABOR STANDARDS ACT**

55.      Plaintiffs reallege and incorporate by reference all allegations in paragraphs 1-54.

56.      At all times material herein, Plaintiffs and similarly situated Budtenders have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq.*

57.      Under the FLSA, an "employer may not keep tips received by its employees for any purposes, including allowing supervisors to keep any portion of employees' tips." 29 U.S.C. § 203(m)(2)(B); 29 C.F.R. § 531.50.

58.      Defendants' mandatory tip pool included not only Budtenders, but also Supervisors, in violation of 29 U.S.C. § 203(m)(2)(B).

59.    Defendants also withheld tips from the tip pool which were not distributed to employees. Defendants used these withheld tips to purchase snacks for employees, among other things.

60.    The mandatory tip pool which unlawfully included the Supervisors and from which Defendants unlawfully retained additional amounts resulted in Plaintiffs and those similarly situated not being paid the full amount of tips owed to them pursuant to the FLSA.

61.    Defendants' violations of the FLSA as alleged herein have been done in a willful and bad faith manner.

62.    As a result of the aforesaid willful violations of the FLSA, compensation has been unlawfully withheld by Defendants from Plaintiffs and similarly situated persons for which Defendants are liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, as well as reasonable attorneys' fees and the costs of this action.

63.    The employment, pay, and tip records for the Plaintiffs and similarly situated employees are in the exclusive possession, custody, and control of Defendants, and Plaintiffs are unable to state at this time the exact amount owing to them and to those similarly situated. Defendants are under a duty imposed by 29 U.S.C. § 211(c) and the regulations of the U.S. Department of Labor to maintain and preserve Plaintiffs' and similarly situated persons' payroll and other employment records from which the amounts of the Defendants' liability can be ascertained.

### COUNT TWO

### UNJUST ENRICHMENT

64.    Plaintiffs reallege and incorporate by reference all allegations in paragraphs 1-54.

65.    Plaintiffs and the Class are entitled to receive all tips paid to them by customers as the fruits of their labor.

66. Defendants have failed to properly account for the tips paid to Plaintiffs and the Class and retained monies that should have been disbursed to Plaintiffs and the Class as tips.

67. Plaintiffs conferred benefits on Defendants and Defendants received such benefits conferred by Plaintiffs.

68. Defendants appreciated the fact of the benefits.

69. Defendants accepted and retained the benefits in circumstances that render such retention inequitable.

70. Defendants have thereby been unjustly enriched and / or Plaintiffs have been damaged.

71. Defendants should be required to disgorge this unjust enrichment.

72. Plaintiffs and the Class are entitled to damages equal to all tips retained by Defendants.

73. Plaintiffs and the Class are entitled to a damages award of reasonable attorneys' fees and expenses to balance the benefit of Defendants' unjust enrichment.

74. Plaintiffs are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs pray that this Court grant relief against the Defendants as follows:

(a) Enter judgment finding that the Defendants have willfully and wrongfully violated Plaintiffs' statutory and legal obligations and deprived Plaintiffs and all others who are similarly situated of their rights, privileges, protections, compensation, benefits, and entitlements under the law, as alleged herein;

(b) Order a complete and accurate accounting of all the tips to which Plaintiffs, all

12

others who are similarly situated, and the Class Members are entitled;

(c)    Award Plaintiffs and all others who are similarly situated monetary damages under the FLSA in the form of unlawfully withheld tips, backpay compensation and benefits; unpaid entitlements; and liquidated damages equal to their unpaid compensation;

(d)    Award Plaintiffs and all Class Members monetary damages under Missouri common law in the form of unlawfully withheld tips and interest thereon;

(e)    Award Plaintiffs, all those similarly situated, and all Class Members, their reasonable attorneys' fees and expenses to be paid by the Defendants, and the costs and disbursements of this action; and

(f)    Grant such other legal and equitable relief as may be just and proper.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a jury trial in this action.

Dated: July 13, 2026                              Respectfully submitted,

                                                  */s/Mark Potashnick*
                                                  Mark Potashnick, E.D. Mo. # 41315MO
                                                  Weinhaus & Potashnick
                                                  11500 Olive Blvd., Suite 133
                                                  St. Louis, MO 63141
                                                  Telephone: (314) 997-9150
                                                  markp@mp-attorneys.com

                                                  Molly A. Elkin
                                                  (*Pro Hac Vice Forthcoming*)
                                                  Sarah M. Block
                                                  (*Pro Hac Vice Forthcoming*)
                                                  Patrick J. Miller-Bartley
                                                  (*Pro Hac Vice Forthcoming*)
                                                  McGILLIVARY STEELE ELKIN LLP
                                                  1101 Vermont Ave., N.W.
                                                  Suite 1000
                                                  Washington, DC 20005

13

Phone: (202) 833-8855
mae@mselaborlaw.com
smb@mselaborlaw.com
pmb@mselaborlaw.com

14